IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONIQUE THOMAS, | ) | CASE NO. 1:17 CV 2241 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

**Introduction**

This is an action by Monique Thomas under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").[1] The Commissioner has answered[2] and filed the transcript of the administrative record.[3] Under my initial[4] and procedural[5] orders, the parties have briefed their positions[6] and filed supplemental charts[7] and the fact sheet.[8]

---

[1] ECF No. 1. The parties have consented to my jurisdiction. ECF No. 16.
[2] ECF No. 8.
[3] ECF No. 9.
[4] ECF No. 5.
[5] ECF No. 10.
[6] ECF No. 17 (Thomas's brief); ECF No. 23 (Commissioner's brief).
[7] ECF No. 17, Attachment 1 (Thomas's charts); ECF No. 23, Attachment 1 (Commissioner's charts).
[8] ECF No. 18 (Thomas's fact sheet).

## Facts

### A. Background facts and the decision of the Administrative Law Judge ("ALJ")

The Administrative Law Judge ("ALJ") found that Thomas had the following severe impairments: clinically isolated syndrome; degenerative disc disease of the cervical spine; depressive disorder; and anxiety disorder.[9] The ALJ decided that the relevant impairments did not meet or equal a listing.[10] The ALJ found Thomas possessed the residual functional capacity ("RFC") to perform sedentary work as defined in the regulations, with additional limitations.[11] The ALJ decided that this RFC precluded Thomas from performing her past relevant work.[12]

Based on testimony by the vocational expert ("VE") at the hearing, the ALJ determined that a significant number of jobs existed nationally that Thomas could perform.[13] The ALJ, therefore, found Thomas not under a disability.[14]

The Appeals Council denied Thomas's request for review of the ALJ's decision.[15] With this denial, the ALJ's decision became the final decision of the Commissioner.[16]

---

[9] ECF No. 9, Transcript of Proceedings ("Tr.") at 21.
[10] *Id.* at 22.
[11] *Id.* at 23-24.
[12] *Id.* at 27.
[13] *Id.* at 28.
[14] *Id.* at 29
[15] *Id.* at 1.
[16] *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 648 (6th Cir. 2011); 20 C.F.R. §§ 404.981 and 416.1481.

**B.     Issues on judicial review**

Thomas asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Thomas presents the following issue for judicial review:

- Whether the ALJ erred by violating the treating physician rule.[17]

For the reasons that follow, the ALJ's finding of no disability lacks substantial evidence. The denial of Thomas's applications is reversed and remanded for further administrative proceedings consistent with this opinion.

# Analysis

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

---

[17] ECF No. 17 at 1.

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[18]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[19] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[20]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *Treating physician rule and good reasons requirement*

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[21] emphasized that the regulations require two distinct analyses in evaluating the opinions of treating sources.[22] The *Gayheart* decision directed that the ALJ must first determine if the opinion must receive controlling weight as well-supported by clinical and laboratory

---

[18] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).
[19] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[21] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).
[22] *Id.* at 375-76.

techniques and as not inconsistent with other evidence in the administrative record.[23] If the ALJ decides not to give the opinion controlling weight, then a rebuttable presumption exists that the treating physician's opinion should receive great deference.[24] This presumption may be rebutted by application of the factors set forth in 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (3)-(6).[25] The court cautioned against collapsing these two distinct analyses into one.[26]

Despite the seemingly clear mandate of *Gayheart*, the Sixth Circuit in later decisions has adopted an approach that permits these two separate analyses to be merged into one so long as the ALJ states "good reasons" for the weight assigned, applying the regulatory factors governing each analytical step.[27] Also, despite the reality that a unified statement of these "good reasons" greatly enhances meaningful judicial review,[28] some authority exists for looking outside the unified statement for analysis of the weight assigned to a treating source's opinion.[29] Going beyond the reasons stated in the unified statement takes the Court in the hazy gray area where the sirens of *de novo* review and *post hoc* rationalization reside. A reviewing district court must avoid both. An ALJ

---

[23] *Id.* at 376.
[24] *Rogers*, 486 F.3d at 242.
[25] *Gayheart*, 710 F.3d at 376. The regulations for both DIB and SSI mirror each other and will be used interchangeably throughout this opinion.
[26] *Id.*
[27] *E.g., Biestek v. Comm. of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017).
[28] *Smith v. Comm. of Soc. Sec.*, No. 5:13cv870, 2104WL1944247, at **7-8 (N.D. Ohio May 14, 2014).
[29] *See, e.g., Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).

cannot avoid reversal by merely citing exhibits in the record that might support her findings without discussing the content of those exhibits and explaining how that content provides support.[30] Nor can counsel for the Commissioner save a decision from reversal by citing to evidence in the record not cited and adequately discussed by the ALJ.[31] It is for the ALJ, not the Court or Commissioner's counsel, to "build a logical bridge from the evidence to the conclusion."[32] "Put simply, . . . there must be some effort . . . to explain why it is the treating physician's conclusion that gets the short end of the stick."[33]

**B.    Application of standards**

Thomas presents a single issue for review: the ALJ's assignment of weight to treating source Dr. Griggs's opinions – issued in 2014 and again in 2016 – that Thomas could reach only occasionally.[34] The ALJ found that Thomas could reach frequently.[35] In support, the ALJ gave Dr. Griggs's opinion only limited weight.[36] Although the state agency reviewing sources opined no pushing, pulling, or manipulative limitations in

---

[30] *Smith v. Comm'r of Soc. Sec.*, No. 5:13 CV 870, 2104 WL 1944247, at *7 (N.D. Ohio May 14, 2014).
[31] *Sharp v. Comm'r of Soc. Sec.*, No. 1:14-cv-523, 2015 WL 3545251 (S.D. Ohio June 4, 2015) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014)), *report and recommendation adopted by* 2015 WL 3952331 (S.D. Ohio June 29, 2015).
[32] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, at *8 (S.D. Ohio March 5, 2014).
[33] *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).
[34] Tr. at 422-23, 672-73.
[35] *Id.* at 24.
[36] *Id.* at 26.

2014,[37] they did not address explicitly reaching.[38] The ALJ gave their opinions only partial weight.[39]

The record shows in objective medical terms continuing problems with the cervical spine. This could manifest in shoulder and arm pain, which would limit reaching. The ALJ does not specifically address this. Rather, he focuses on normal strength findings (5/5) and decreased range of motion.[40]

The Commissioner takes a "guilt be association" approach. In addition to the normal arm strength findings noted by the ALJ, the Commissioner points to other references by the ALJ – outside the unified statement – regarding Thomas's normal gait, normal motor strength, and normal motor coordination.[41] The Commissioner also argues that Dr. Griggs's limitations on standing, walking, and ability to complete a normal work day/week are extreme.[42] These excesses, the ALJ implies, detract from the weight assignable to the reaching limitation.[43]

But the Commissioner's arguments ignore a crucial issue: the "good reasons" the ALJ provided for the limited weight assigned to Dr. Griggs's opinions. The ALJ identified the following reasons for the weight assigned: "The medical evidence of record

---

[37] *Id.* at 84-85, 106-07.
[38] *Id.*
[39] *Id.* at 25.
[40] *Id.* at 25-26.
[41] *Id.* at 25.
[42] ECF No. 23 at 5-10.
[43] *Id.*

7

does not support such limiting restrictions. *In particular, Dr. Griggs'[s] own notes indicate essentially normal findings with 5/5 strength, but at times, decreased cervical range of motion.*[44] But the six exhibits cited by the ALJ in support of the italicized sentence show persistent limitation in her cervical spine. It is unclear how evidence *supporting* Dr. Griggs's limitation of "occasional" reaching serves to justify discounting of her opinions in their entirety. The ALJ was free to reject or discount the portions of Dr. Griggs's opinions he found unsupported by the record while still crediting her opinion on Thomas's ability to reach.

Two additional factors cut in favor of Thomas's arguments. First, the state agency sources' opinions did not consider Dr. Griggs's 2016 opinion. The state agency sources on initial review had neither opinion.[45] The state agency sources on reconsideration had only the 2016 opinion.[46] The other normal findings noted by the ALJ and the state agency reviewing sources do not necessarily negate Dr. Griggs's opinion. Second, the VE testified that an RFC including occasional reaching would preclude the three jobs at sedentary that she identified.[47] This would support the argument that general inconsistency should not taint Dr. Griggs's opinions in the entirety. As this one limitation would make a difference at Step Five, the ALJ should have addressed it directly.

---

[44] Tr. at 26 (emphasis added) (internal citations omitted).
[45] *Id.* at 82.
[46] *Id.* at 99-100.

8

## Conclusion

The Commissioner's finding that Thomas had no disability lacks substantial evidence. Accordingly, the decision of the Commissioner denying Thomas disability insurance benefits and supplemental security income is reversed and remanded for further administrative proceedings. On remand, the ALJ must properly consider and weigh Dr. Griggs's opinions, and specifically address her opinions regarding Thomas's ability to reach.

IT IS SO ORDERED.

Dated: January 31, 2019    s/ William H. Baughman, Jr.
United States Magistrate Judge

---

[47] *Id.* at 78.